Opinion by WILSON, J.   In accordance with stipulation of counsel that the merchandise consists of vinyl plastic coasters similar in all material respects to those the subject of *Bergdorf Goodman Co.* v. *United States* (38 Cust. Ct. 177, C. D. 1859), the claim of the plaintiffs was sustained.

**No. 61266.**—The Top Company, Inc., and R. J. Saunders & Co., Inc., et al. v. United States, protests 290921–K, etc. (New York).

Opinion by WILSON, J.   In accordance with stipulation of counsel that the merchandise consists of Angora rabbit hair similar in all material respects to that the subject of *W. N. Proctor Company* v. *United States* (35 Cust. Ct. 89, C. D. 1727), the claim of the plaintiffs was sustained.

**No. 61267.**—Richter Bros., Inc. v. United States, protests 259612–K, etc. (New York).

Opinion by WILSON, J.   In accordance with stipulation of counsel that the merchandise consists of fried herring similar in all material respects to that the subject of *Richter Bros., Inc.* v. *United States* (44 C. C. P. A. 128, C. A. D. 649), the claim of the plaintiff was sustained.

**No. 61268.**—Bruno Scheidt, Inc., et al. v. United States, protests 275586–K, etc. (New York).

Opinion by WILSON, J.   In accordance with stipulation of counsel that the merchandise consists of sprats in oil, packed in tins, similar in all material respects to those the subject of *Arnold Sorensin Co., Inc., et al.* v. *United States* (38 Cust. Ct. 199, C. D. 1862), the claim of the plaintiffs was sustained.

**No. 61269.**—B. Westergaard & Co., Inc., et al. v. United States, protests 300147–K, etc. (New York).

Opinion by WILSON, J. In accordance with stipulation of counsel that the merchandise consists of sprats in oil, packed in tins, similar in all material respects to those the subject of *Arnold Sorensin Co., Inc., et al.* v. *United States* (38 Cust. Ct. 199, C. D. 1862), the claim of the plaintiffs was sustained.

**No. 61270.**—E. R. Squibb & Sons v. United States, protests 288355–K and 288966–K (New York).

Opinion by WILSON, J. The protests were dismissed for lack of prosecution.

BEFORE THE SECOND DIVISION, OCTOBER 15, 1957

**No. 61271.**—Lucas Electrical Service, Inc., and Frank J. Eberle Co. et al. v. United States, protests 292724–K, etc. (New York).

Opinion by LAWRENCE, J. In accordance with stipulation of counsel that the items marked "A" consist of ammeters similar in all material respects to those the subject of *Lucas Electrical Services, Inc.,* and *Frank J. Eberle Co.* v. *United States* (36 Cust. Ct. 209, C. D. 1776), the claim at 12½ percent under the provision in paragraph 369 (c), as modified, *supra,* for parts of automobiles was sustained. The items marked "B," stipulated to consist of ammeters the same as those involved in C. D. 1776, except that the ammeters in the cited case were parts of automobiles whereas those in question are parts of motorcycles, were held dutiable at 15 percent under the provision in paragraph 369 (c), as modified, *supra,* for parts of motorcycles, as claimed.

**No. 61272.**—International Expediters, Inc. v. United States, protest 265641–K/ 7190 (Chicago).

Opinion by LAWRENCE, J. In accordance with stipulation of counsel that the articles described on the consular invoice as "Needle Files" measure over 2½ inches, but not over 4½ inches in length, the claim of the plaintiff was sustained.

**No. 61273.**—Davies, Turner & Co. v. United States, protest 295350–K (Philadelphia).